Dear Director McVey:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Are e-mails, text messages, and other electronic communications made in connection with the transaction of public business, the expenditure of public funds or the administration of public property, subject to the Oklahoma Open Records Act and the Records Management Act when they are created, received, transmitted, or maintained by public officials on privately owned equipment and communication devices?
The answer is yes, unless some provision of law makes the information confidential. Electronic communications that qualify as "records" are subject to the Open Records Act and Records Management Act. Moreover, to conclude otherwise would allow public officials and employees to circumvent the open records laws simply by using privately owned personal electronic communication devices to conduct public business.
 BACKGROUND
Your question is prompted by government officials' and employees' increasing use of computers, laptops, cell phones, PDAs, smart phones, and other personal electronic communication devices in conjunction with their work. In some cases, the governmental entity purchases the equipment and pays for its use. In other cases, public officials or employees personally pay for the equipment, either outright or from an allowance given by the governmental entity to cover the expense. Your question focuses on the latter situation, in which the public officials or employees, rather than the governmental entity, own the equipment.
The answer to your question is based not on who owns the electronic communications equipment, but on whether the electronic communications created or received by public bodies or officials on that *Page 2 
equipment are "records" as defined in the Open Records Act and/or Records Management Act. This office has already addressed this question in Attorney General Opinion 01-46, which established that e-mails created or received by public agencies and officials and made in connection with the transaction of public business, the expenditure of public funds, or the administration of public property are records subject to the Oklahoma Open Records Act and the Records Management Act. Id. at 241-42. There is no need to repeat here the extensive analysis in A.G. Opin. 01-46; rather, we will only examine the issue of whether the ownership of communications equipment is relevant in deciding when the Open Records Act or Records Management Act applies to electronic communications.
 OPEN RECORDS ACT
Under Oklahoma's Open Records Act, 51 O.S. 2001 Supp. 2008, §§ 24A.1 — 24A.29 ("ORA"), a "record" is subject to disclosure unless some provision of law allows it to be kept confidential. The ORA defines "record" as follows:
 "Record" means all documents, including, but not limited to, any book, paper, photograph, microfilm, data files created by or used with computer software, computer tape, disk, record, sound recording, film recording, video record or other material regardless of physical form or characteristic, created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representatives in connection with the transaction of public business, the expenditure of public funds or the administering of public property.
51 O.S.Supp. 2008, § 24A.3[51-24A.3](1) (emphasis added).
This broad definition of the term "record" makes no distinction based on who owns or pays for a communication device and the services associated with it; rather, the ORA concentrates on who creates, receives, controls, or possesses a record ("public officials, [1]
public bodies, [2] or their *Page 3 
representatives") and the context in which it was created or received by those persons (in connection with the transaction of public business, the expenditure of public funds, or administering public property). Neither here, nor anywhere else in the ORA, is ownership of equipment mentioned as a factor in determining what is or is not a record. We conclude that who owns an electronic communications device has no bearing on whether an electronic communication created or received on that device is a record. Thus, a communication that meets the definition of a record under the ORA is subject to disclosure regardless of whether it is created or received on a publicly or privately owned personal electronic communication device, unless some provision of law allows it to be kept confidential.
Nor does the location of the electronic communications equipment matter, whether it is used in a governmental office, in a public official's or employee's home, or somewhere in transit between them. As stated in the definition cited above, Section 24A.3(1) of the ORA applies equally to individual public officials as well as to public bodies; accordingly, if a communication qualifies as a record it makes no difference under the ORA whether it is in the sole possession of a public official or in the possession of that official's public body. In an opinion regarding the application of Texas's freedom of information act to an individual public official's e-mail communications on privately owned equipment, that state's Attorney General reasoned as follows:
 Records that clearly relate[] to official business are public records subject to the act regardless of whether an individual member of a governmental body, the governmental body's administrative offices, or the custodian of records holds the records. (cites omitted). If a governmental body could withhold records relating to official business simply because they are held by an individual member of the governmental body, it could easily and with impunity circumvent the act merely by placing all records relating to official business in the custody of an individual member. The legislature could not have intended to permit governmental bodies to escape the requirements of the act so easily.
Tex. Atty. Gen. Op. OR2001-1790, 2001 WL 949328; accord N.D. Op. Atty. Gen. O-07, 2008 WL 773339 (Regarding communications on public officials' privately owned electronic communication devices, if the officials were "acting within the scope of their public positions and created a record regarding public business, that record is subject to the open records law regardless of whether it is located at their private homes or businesses. The open records law applies to public records regardless of where a public employee or board member possesses the record.").
Given the expressed legislative intent that Oklahoma's ORA exists "to ensure and facilitate the public's right of access to and review of government records," 51 O.S. 2001, § 24A.2[51-24A.2], we agree with this reasoning. We note that whether any particular electronic communication is a record as defined in the ORA, and whether any provision of law makes a particular record or parts thereof confidential, are questions of fact that cannot be answered in an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5). *Page 4 
 RECORDS MANAGEMENT ACT
Your question also refers to the Records Management Act, 67 O.S. 2001, §§ 201[67-201] — 215 ("RMA"), which deals with the maintenance and disposition of public records.[3] Using language similar to that in the ORA, the RMA defines "record" as follows:
 "Record" means document, book, paper, photograph, microfilm, computer tape, disk, record, sound recording, film recording, video record or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business[,] the expenditure of public funds, or the administration of public property.[4]
67 O.S. 2001, § 203[67-203](a) (emphasis added) (footnote added). The RMA imposes a duty upon state and local entities and their officials to keep and maintain their records as follows:
 All records made or received by or under the authority of or coming into the custody, control or possession of public officials of this state in the course of their public duties shall not be mutilated, destroyed, transferred, removed, altered or otherwise damaged or disposed of, in whole or in part, except as provided by law.
Id. (emphasis added). *Page 5 
Like the ORA, the RMA makes no distinction between records that exist on publicly owned electronic communication equipment and those on privately owned equipment. Therefore, public officials may not partially or wholly mutilate, destroy, transfer, remove, alter, or otherwise damage or dispose of records on their personal electronic communication devices, except as provided by law.[5] Whether any particular electronic communication is a record subject to the RMA is a question of fact that cannot be answered in an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
In summary, we conclude that ownership of electronic communications equipment is irrelevant in determining whether information thereon is subject to the ORA and/or the RMA. Rather, that determination depends upon whether the information qualifies as a record as defined in the ORA and/or RMA.
It is, therefore, the official Opinion of the Attorney Generalthat:
 E-mails, text messages, and other electronic communications made or received in connection with the transaction of public business, the expenditure of public funds or the administration of public property, are subject to the Oklahoma Open Records Act, 51 O.S. 2001 Supp. 2008, §§ 24A.1 — 24A.29, and the Records Management Act, 67 O.S. 2001, §§ 201[67-201] — 215, regardless of whether they are created, received, transmitted, or maintained by government officials on publicly or privately owned equipment and communication devices, unless some provision of law makes them confidential.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DEBRA SCHWARTZ ASSISTANT ATTORNEY GENERAL
[1] "`Public official' means any official or employee of any public body as defined herein[.]" 51 O.S.Supp. 2008, § 24A.3[51-24A.3](4).
[2]
 "Public body" shall include, but not be limited to, any office, department, board, bureau, commission, agency, trusteeship, authority, council, committee, trust or any entity created by a trust, county, city, village, town, township, district, school district, fair board, court, executive office, advisory group, task force, study group, or any subdivision thereof, supported in whole or in part by public funds or entrusted with the expenditure of public funds or administering or operating public property, and all committees, or subcommittees thereof. Except for the records required by Section 24A.4 of this title, "public body" does not mean judges, justices, the Council on Judicial Complaints, the Legislature, or legislators[.]
Id. § 24A.3(2).
[3] The RMA further distinguishes between "state records" (related to state governmental entities, the Legislature, and courts) and "local records" (related to counties, cities, towns, districts, authorities, or "any public corporation or political entity whether organized and existing under charter or under general law.") 67 O.S. 2001, § 203[67-203](b), (c). The RMA is mandatory for state records and shall be followed "as far as practical" for local records. Id. § 207.
[4] The Archives and Records Commission, the entity responsible for implementing the RMA, has promulgated rules that distinguish between "substantive" and "ancillary" records. Substantive records document a public body's "organization, functions, policies, procedures, operations and essential transactions." OAC 60:10-3-5 (1998). Ancillary records are routine and have no informational or evidentiary value "beyond the immediate use for which they were created or received, nor do they contain supporting documentation for financial or business transactions of [a public body]." Id. For a thorough discussion of this issue and how it affects the disposition of records, see A.G. Opin. 01-46, at 235-36.
[5] State records cannot be destroyed or otherwise disposed of unless the Archives and Records Commission determines that they have "no further administrative, legal, fiscal, research or historical value." 67 O.S. 2001, § 210[67-210]. However, the Commission's authority "shall not apply to records and archives of political subdivisions of the state." 67 O.S.Supp. 2008, § 305[67-305]. *Page 1